UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20286-CR-ALTONAGA/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

LEONEL ANDRES CARRERA,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Reconsideration of Bond and Request[ ] for a Hearing (DE# 37, 7/10/14) filed by defendant Leonel Andres Carrera.

## BACKGROUND

The defendant was initially charged by indictment, in the Southern District of Florida, with murder in aid of racketeering activity in violation of Title 18, United States Code, Section 1959(a)(1). See Indictment (DE# 3, 5/2/14). After the instant motion was filed, a federal grand jury returned a Superseding Indictment (DE# 47, 8/1/14). The Superseding Indictment charged the defendant with conspiracy to participate in racketeering activity in violation of Title 18, United States Code, Section 1961(c) and murder in aid of racketeering activity in violation of Title 18, United States Code, Section 1959(a)(1).

On May 19, 2014, the undersigned held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant should be detained prior to trial. At the detention hearing, the undersigned made the following findings with respect to risk of

flight and danger to the community:

>  I find that [for] each of the defendants by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of the community.
>
>  The reason I find as to risk of flight as to each defendant is I agree with counsel that these folks have fairly close ties to the Miami area.
>
>  However, because of the length of incarceration upon conviction, or perhaps even the death penalty, I find that that would motivate folks like this to flee the jurisdiction.
>
>  I find, as I said, that they are a danger to the community. The reason for that is because of the underlying allegations regarding the murder of a person back 7 years ago.
>
> ***
>
> As to Mr. Carrera . . . I find that he is a danger because of the underlying allegations in the indictment as well as his criminal background which includes armed robbery, carjacking and aggravated battery with a deadly weapon.

Transcript (DE# 32 at 22, 6/17/14).[1] Following that hearing, the undersigned issued a Detention Order (DE# 18, 5/19/14). The undersigned found that "no condition or combination of conditions will reasonably assure the appearance of the defendant[ ] as required and/or the safety of any other person and the community." See Detention Order (DE# 18 at 1, 5/19/14).

On July 10, 2014, the defendant moved for reconsideration and a rehearing on the issue of pretrial detention. See Motion for Reconsideration of Bond and Request[ ] for a Hearing (DE# 37, 7/10/14). The government filed a response on July 28, 2014.

---

[1] After the Detention Order, the government filed a notice indicating that it would not seek the death penalty against the defendant.  See Government's Notice of Intent Not to Seek the Death Penalty (DE# 41, 7/17/14). The government's notice does not affect the undersigned's conclusion that the defendant should remain in pretrial detention. If convicted, the defendant would be facing a term of life imprisonment.

See Government's Response to Defendant's Motion to Reconsider Bond and Request for Hearing (DE# 43, 7/28/14). The defendant filed a reply on August 7, 2014. See Reply to Government's Response to Defendant's Motion for Reconsideration of Bond and Request for Hearing (DE# 61, 8/7/14). This matter is ripe for consideration.

## ANALYSIS

The Detention Order states that the defendant was a known member of the Almighty Imperial Gangsters Nation. See Detention Order (DE# 18 at 2, 5/19/14). The Detention Order further states that in 2007, the defendant committed a murder in order to further his membership in this gang. Id. at 2.

The defendant seeks reconsideration of this Court's Detention Order (DE# 18, 5/19/14). See Motion for Reconsideration of Bond and Requests for a Hearing (DE# 37, 7/10/14). The defendant argues that he has not been involved in any gang related criminal activity since the 2007 murder alleged in the indictment. Id. at 1. During this time, the defendant states that he remained in Miami, Florida. Id. Additionally, the defendant maintains that there is no evidence that links him to the murder or the racketeering activity in question, there is no physical evidence such as fingerprints or DNA, no admission of guilt, no eyewitness identification of the defendant and no police report linking the defendant to the crime charged. Id. The defendant argues that this lack of evidence shows that he has been unjustly held without bond since May 1, 2014. Id. at 2.

The government opposes the relief requested on the basis that the defendant has presented no new evidence and that the arguments made in the instant motion were already presented to the Court during the detention hearing. See Government's

3

Response to Defendant's Motion to Reconsider Bond and Request for Hearing (DE# 43 at 4, 7/28/14). In his reply, the defendant maintains that there is a lack of evidence to support the charged crimes and that the government cannot establish a prima facie case against him. See Reply to Government's Response to Defendant's Motion for Reconsideration of Bond and Request for Hearing (DE# 61 at 2, 8/7/14). The defendant states that in its discovery responses, the government did not provide any evidence linking the defendant to the crimes charged. Id.

A detention hearing may be reopened if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the issue of detention. 18 U.S.C. § 3142(f). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "There are three major grounds which justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. at 1369 (citing Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); see also United States v. Edler, No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. 2013) (applying reconsideration factors set forth in Burger King, 181 F. Supp. at 1370 to a motion for reconsideration/rehearing of a pretrial detention order).

The arguments raised in the instant motion have already been considered and rejected by this Court. The defendant's ties to the community, the fact that the murder occurred approximately seven years ago and the defendant has not been involved in any gang related activities since that time, and the fact that, in counsel's opinion, the

4

government does not have a very strong case against the defendant, were raised at the detention hearing. See Transcript (DE# 32 at 16-17, 19-21, 6/17/14). Moreover, the defendant presents no new evidence which would warrant reconsideration of the Court's prior Detention Order (DE# 18, 5/19/14).

The Court also rejects the defendant's lack of evidence argument and denies his request for a hearing to re-determine the weight of the evidence against him. In the instant case, the defendant has twice been charged by indictment. Therefore, a federal grand jury on two separate occasions found probable cause to believe that the charged crimes were committed and that the defendant committed them. See United States v. Hurtado, 779 F.2d 1467, 1477 (11th Cir. 1985) ("It is so well settled as to be beyond cavil that the return of a true bill by a grand jury, resulting in indictment, conclusively demonstrates that probable cause exists implicating a citizen in a crime.") (citations omitted). At the detention hearing, the Court considered the weight of the evidence against the defendant and determined that it was "substantial." Detention Order (DE# 18 at 2, 5/19/14). The defendant has not shown that the Court should reopen the detention hearing or otherwise reconsider its prior ruling.

## CONCLUSION

For the reasons stated herein, it is

ORDERED AND ADJUDGED that the Motion for Reconsideration of Bond and Request[ ] for a Hearing (DE# 37, 7/10/14) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this **11th** day of August, 2014.

```
_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
```

Copies provided to:
United States District Judge Altonaga
All counsel of record